UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY,<br><br>             Plaintiff,<br>        v.<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, IT ENDS WITH US MOVIE LLC, A California Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, and STEVE SAROWITZ, an individual,<br><br>             Defendants. | Case No. 1:25-cv-05949-LJL |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS OR STAY PLAINTIFF'S ACTION**

**MCGUIREWOODS LLP**

Aleksandra Kaplun
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2100
*akaplun@mcguirewoods.com*

Kirk Pasich (*Pro Hac Vice* forthcoming)
Eliza J. Logan (*Pro Hac Vice* forthcoming)
1800 Century Park East, 8th Floor
Los Angeles, California 90067
(310) 315-8200
*kpasich@mcguirewoods.com*
*elogan@mcguirewoods.com*

*Counsel for Defendants Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, and Steve Sarowitz*

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................... 1

I.   FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 3

     A.   The Harco Policies ................................................................................................. 3

     B.   The *Lively* Lawsuit ................................................................................................ 4

     C.   This Coverage Action ............................................................................................ 4

     D.   The Insureds' California Lawsuit ........................................................................... 5

II.  THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO DISMISS OR STAY THIS ACTION UNDER THE *BRILLHART/WILTON* DOCTRINE ....................... 5

     A.   Harco's Declaratory Judgment Action Involves Only State Law Claims with no Federal Interest ....................................................................................................... 7

     B.   The California Lawsuit Is the Proper and More Convenient Forum ...................... 7

     C.   Abstention Will Avoid Duplicative Proceedings That Could Result in Inconsistent Rulings .................................................................................................................. 9

     D.   Harco's Federal Lawsuit Constitutes Impermissible Forum Shopping ................ 11

III. HARCO'S ACTION SHOULD BE DISMISSED RATHER THAN STAYED ............... 12

IV.  CONCLUSION ................................................................................................................. 12

...

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A & E Television Networks v. Genuine Ent., Inc.*,
 No. 09 CIV. 7422 (RJH), 2010 WL 2308092 (S.D.N.Y. June 10, 2010) ................................. 11

*Ace Am. Ins. Co. v. Graftech Int'l Ltd.*,
 No. 12-CV-6355 RA, 2014 WL 2884681 (S.D.N.Y. June 24, 2014) ................................. 9, 12

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
 57 F.4th 85 (2d Cir. 2023) ............................................................................................................ 6

*Brillhart v. Excess Ins. Co. of America*,
 316 U.S. 491 (1942) ................................................................................................................. 2, 6

*Colorado River Water Conservation Dist. v. United States*,
 424 U.S. 800 (1976) .................................................................................................................. 10

*Dow Jones & Co., Inc. v. Harrods Ltd.*,
 346 F.3d 357 (2003) .................................................................................................................... 6

*General Reins. Corp. v. Ciba-Geigy Corp.*,
 853 F.2d 78 (2d Cir. 1988) .......................................................................................................... 7

*Glencova Inv. Co. v. Trans-Res., Inc.*,
 874 F. Supp. 2d 292 (S.D.N.Y. 2012) ........................................................................................ 8

*Great Am. Ins. Co. v. Houston Gen. Ins. Co.*,
 735 F. Supp. 581 (S.D.N.Y. 1990) ..................................................................................... 11, 12

*Hartford Accident & Indem. Co. v. Hop-On Int'l Corp.*,
 568 F. Supp. 1569 (S.D.N.Y. 1983) ........................................................................................... 8

*ICBC Standard Secs., Inc. v. Luzuriaga*,
 217 F. Supp. 3d 733 (S.D.N.Y. 2016) ...................................................................................... 12

*Intercontinental Plan., Ltd. v. Daystrom, Inc.*,
 24 N.Y.2d 372 (1969) ................................................................................................................. 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983) ...................................................................................................................... 10

*Nat'l Union Fire Ins. Co. v. Warrantech Corp.*,
 No. 00 CIV 5007 NRB, 2001 WL 194903 (S.D.N.Y. Feb. 27, 2001) ..................................... 12

*North Am. Airlines, Inc. v. Int'l Brotherhood of Teamsters, AFL-CIO*,
    No. 04 CIV. 9949 (KMK), 2005 WL 646350 (S.D.N.Y. Mar. 21, 2005) ...............................11

*Reliance Ins. Co. v. Multi-Fin. Sec. Corp.*,
    No. 94 CIV. 6971 (SS), 1996 WL 61763 (S.D.N.Y. Feb. 13, 1996) .........................................7

*Starr Indem. & Liab. Co. v. Exist, Inc.*,
    No. 23-912, 2024 WL 503729 (2d Cir. Feb. 9, 2024) ..............................................................6

*TIG Ins. Co. v. Fairchild Corp.*,
    No. 07 CIV. 8250 (JGK), 2008 WL 2198087 (S.D.N.Y. May 27, 2008).............................7, 9

*Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*,
    No. 02 CIV.9800 (WHP), 2004 WL 193564 (S.D.N.Y. Feb. 3, 2004) .............................6, 7, 8

*Travelers Prop. Cas. Co. of Am. v. N.Y. Radiation Therapy Mgmt. Servs., Inc.*,
    No. 09CIV694(NRB), 2009 WL 2850691 (S.D.N.Y. Aug. 31, 2009) ......................................9

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ................................................................................................... *passim*

*Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*,
    933 F.2d 131 (2d Cir. 1991)....................................................................................................8

*Woodford v. Cmty. Action Agency, Inc.*,
    239 F.3d 517 (2d Cir. 2001)..................................................................................................10

**Statutes**

28 U.S.C. § 2201(a) .........................................................................................................................5

Defendants Wayfarer Studios, LLC ("Wayfarer"), It Ends With Us Movie, LLC ("IEWUM"), Justin Baldoni, Jamey Heath, and Steve Sarowitz (collectively, the "Insureds"), by their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss or, in the alternative, stay this action brought by plaintiff Harco National Insurance Company ("Harco").

## **PRELIMINARY STATEMENT**

Harco filed this action seeking a declaration that the insurance policies issued by Harco to Wayfarer do not provide coverage for the claims in *Lively v. Wayfarer Studios,* S.D.N.Y. Case No. 1:24-cv-10049-LJL (the "*Lively* Lawsuit").

Independently, the Insureds filed a separate lawsuit in California addressing similar questions: *Wayfarer Studios LLC. v. New York Marine & General Insurance Co.,* No. 25STCV22519 (Cal. Superior Ct. Los Angeles Cnty. filed July 30, 2025) (the "California Lawsuit").  In the California Lawsuit, the Insureds sued certain of their other insurers—New York Marine and General Insurance Company ("New York Marine"), QBE Insurance Group Limited ("QBE"), and Certain Underwriters at Lloyd's and Other Insurers subscribing to Policy No. ESN0140170884 (the "Underwriters") (collectively, the "Other Insurers").  The Insureds alleged that the Other Insurers, like Harco, owe a duty to defend them, or pay their defense costs, in the *Lively* Lawsuit, breached their duties, and have acted in bad faith.

Had Harco not filed this lawsuit in New York, it could, and would, have been a defendant in the California Lawsuit.  There is no question that California is an available forum and that a California court is well suited to address issues under policies sold and delivered in California to

1

California insureds.[1]  This action should be dismissed or stayed in favor of the available California forum (and the California Lawsuit) under the abstention doctrines stated in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and reaffirmed by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Harco is one of four insurers that issued policies to the Insureds promising coverage for, among other things, claims of defamation and that the Insureds committed "Wrongful Acts"—in other words, for the precise kinds of claims alleged in the *Lively* Lawsuit.  Other insurers involved in the insurance dispute are parties to the California Lawsuit.  Should this action be dismissed, the Insureds intend to add Harco as a party to the California Lawsuit.  Litigating substantially similar insurance disputes in both New York and California simultaneously risks inconsistent results and prejudice to the Insureds.

Pursuant to the *Brillhart*/*Wilton* doctrine,

> Where a district court is presented with a claim . . . it should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding.

*Brillhart*, 316 U.S. at 495.  Further, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

This Court should dismiss, or, at the very least, stay this action in favor of the California Lawsuit. Continuing this action while another action with overlapping issues is presently being adjudicated in state court would waste judicial resources, risk prejudicing the Insureds by forcing them to litigate similar issues in two jurisdictions, and risk inconsistent results.  Further, because

---

[1] Defendant is a California limited liability company, does business in and has offices in California, and the Harco Policies were issued in California.

2

most of the insurers are involved in the California Lawsuit, it is significantly more efficient for Harco to join the California Lawsuit. California is a proper and more convenient forum for this coverage dispute. Dismissal, rather than a stay, is more appropriate here because Harco will be able to assert all its claims and defenses in the California Lawsuit without being time-barred and will not be prejudiced in doing so.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

    A.    **The Harco Policies**

Harco issued a Management Liability Policy to Wayfarer for the July 15, 2023 to July 15, 2024, policy period and renewed that policy for the July 15, 2024, to July 15, 2025, policy period (together, "the Policies"). Declaration of Aleksandra Kaplun dated October 24, 2025 ("Kaplun Decl."), Ex. 1, Harco Compl. ¶ 1. With certain exceptions, such as their effective periods, the Policies are subject to nearly identical terms, conditions, limitations, and exclusions. *Id.* ¶ 46.

The Policies obligate Harco to "defend any **Claim** against the **Insureds**, even if the allegations in the **Claim** are groundless, false or fraudulent." *Id.*, Ex. A, Policy, General Terms and Conditions, § VIII.[2] Wayfarer is the Named Insured under the Policies and each of the other Insureds as "Insureds" under the Policies. *See id.*, Ex. A, Policy, General Terms and Conditions.

The Policies include: (a) General Terms and Conditions–Private Company (the "General Terms"); (b) the Directors and Officers and Entity Liability Coverage Part (the "D&O Coverage"); and (c) the Employment Practices and Third Party Liability Coverage Part (the "EPL Coverage"). *Id.* ¶¶ 46–47, Ex. A, Policy, General Terms, D&O Coverage, & EPL Coverage. Harco's Limit of Liability under each of the Policies, inclusive of reasonable defense fees and costs (defined in the Policies as "**Defense Costs**"), is $2,000,000 for the D&O Coverage

---

[2] Certain terms in the Policies are in bold font, indicating that they are defined in the Policies.

and $2,000,000 for the EPL Coverage, for a total of $4,000,000 for these two coverages. *Id.* ¶ 47, Ex. A, Policy, D&O Coverage & EPL Coverage. Harco's Limit of Liability for the EPL Coverage includes an Additional Defense Costs Separate Limit of $1,000,000. *Id.*, Ex. A, Policy, Additional Defense Cost Separate Limit Endorsement, PML 11 68 04 20. This Additional Defense Costs Limit applies to Harco's payment of **Defense Costs** under the EPL Coverage without reducing the EPL Coverage's $2,000,000 Limit of Liability. *See id.*

  B. **The *Lively* Lawsuit**

This Court is very familiar with the *Lively* Lawsuit—and so is much of the public, given the widespread coverage in the media around the world. Therefore, we do not address here all of the issues and allegations in the *Lively* Lawsuit. Suffice it to say, that Ms. Lively alleges myriad wrong acts on the set of *It Ends With Us,* as well as away from the set and unrelated to the movie. *See generally* Kaplun Decl., Ex. 3, *Lively* Lawsuit Compl.

On February 18, 2025, Ms. Lively filed an Amended Complaint in the *Lively* Lawsuit. *See id.* The Amended Complaint includes causes of action for, among others, retaliation, false light invasion of privacy, and defamation. *See id.* ¶ 367-374, 384-400, 447-453, 460-478. Although Harco undoubtedly had notice of the lawsuit, given its widespread coverage in the media, the Insureds formally notified Harco on April 25, 2025, and requested that Harco defend them and honor their coverage obligation under the Policies. Kaplun Decl., Ex. 1, Harco Compl. ¶ 40. Harco denied coverage on June 20, 2025. *Id.* ¶ 41.

  C. **This Coverage Action**

On July 21, 2025, Harco filed this action seeking a declaration that the Policies do not provide coverage for the *Lively* Lawsuit. *See generally, id.* Harco seeks to avoid coverage on grounds, asserting that: (i) the *Lively* Lawsuit does not trigger the 2024 Policy's Liability

4

Insuring Agreements because it is not a claim that was "first made" during the Policy Period, *id.* ¶ 69; (ii) the 2023 Policy does not apply because there is no coverage under its insuring agreements and it was not properly notified, *id.* ¶¶ 69-73; (iii) there is no coverage under the 2023 Policy pursuant to the 2023 warranty and 2023 prior knowledge exclusions, *id.* ¶¶ 73-78; and (iv) there is no coverage under the 2024 Policy pursuant to the 2024 renewal application and 2024 prior knowledge exclusions, *id.* ¶¶ 80-87.

### D. The Insureds' California Lawsuit

Just as Harco denied coverage, so, too, did the Other Insurers. Despite the broad promises of coverage in their policies, neither Harco nor the Other Insurers assumed their duties to defend the Insureds or agreed to indemnify the Insureds for any settlement or judgment in the *Lively* Lawsuit. Therefore, on July 30, 2025, the Insureds commenced the California Lawsuit alleging breach of contract, bad faith, and seeking declaratory relief from the Other Insurers. *See generally* Kaplun Decl., Ex. 2, California Lawsuit Compl.

## II. THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO DISMISS OR STAY THIS ACTION UNDER THE *BRILLHART/WILTON* DOCTRINE

The Supreme Court has found that suits brought under the Declaratory Judgment Act ("DJA") "justify a standard vesting district courts with greater discretion in declaratory judgment actions." *Wilton*, 515 U.S. at 286. The DJA states that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Indeed, "[s]ince its inception, the . . . Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. As a result, the Supreme Court found in *Wilton* that "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial." *Id.* at 288. The Second Circuit has elaborated on these findings, stating that

5

"[c]ourts have consistently interpreted [the permissive language of the statute] as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2003).  The essential question the court must ask is "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Wilton*, 515 U.S. at 282 (quoting *Brillhart*, 316 U.S. at 495).

When determining whether an action should be dismissed or stayed under *Wilton* and its predecessor, factors to be considered include the following:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; (4) whether such parties are amenable to process in that proceeding; (5) avoiding duplicative proceedings; (6) avoiding forum shopping; (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law.

*Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, No. 02 CIV.9800 (WHP), 2004 WL 193564, at *2 (S.D.N.Y. Feb. 3, 2004) (citing *Wilton*, 515 U.S. at 282–83; *Brillhart*, 316 U.S. at 495).

These factors need not all be considered equally, particularly when "the omitted factors are either irrelevant or deserve less than 'significant weight' in [the] case." *Starr Indem. & Liab. Co. v. Exist, Inc.*, No. 23-912, 2024 WL 503729, at *2 (2d Cir. Feb. 9, 2024); *Admiral Ins. Co. v. Niagara Transformer Corp.,* 57 F.4th 85, 99 (2d Cir. 2023) (finding that the factors should be considered "'to the extent they are relevant in a particular case'" (citation omitted)).

Here, consideration of the *Wilton*/*Brillhart* factors weighs in favor of abstention.

A.  **Harco's Declaratory Judgment Action Involves Only State Law Claims with no Federal Interest.**

Harco's declaratory action does not involve any questions of federal law.  Instead, it refers solely to questions of state law—namely, insurance policy interpretation.  New York federal courts have stated that "[i]nsurance disputes . . . generally present strong reasons for a federal court to abstain because such claims are intimately tied to matters of state law which are being litigated in state court."  *TIG Ins. Co. v. Fairchild Corp.*, No. 07 CIV. 8250 (JGK), 2008 WL 2198087, at *3 (S.D.N.Y. May 27, 2008).  Additionally, when, as here, an "action raises only issues of state law, and does not implicate substantive federal law, this factor weighs heavily in favor of abstention."  *Id.* at *4; *Philips Elecs.*, 2004 WL 193564, at *2 (recognizing that district courts "routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law").  This is further supported by the notion that "Congress has long explicitly exempted the federal government from regulation of the insurance industry."  *Reliance Ins. Co. v. Multi-Fin. Sec. Corp.*, No. 94 CIV. 6971 (SS), 1996 WL 61763, at *3 (S.D.N.Y. Feb. 13, 1996).

Thus, the fact that Harco has raised only state questions counsels strongly in favor of abstention.

B.  **The California Lawsuit Is the Proper and More Convenient Forum**

While Harco is not currently involved in the California Lawsuit, that proceeding is more than capable of encompassing Harco as an additional defendant and the Insureds intend to bring claims against Harco in the California Lawsuit upon the dismissal of this lawsuit.[3]  While the

---

[3] While Harco's federal action was filed slightly before the California Lawsuit, courts agree that the timing of the filing is a non-issue as it pertains to abstention under *Wilton*.  *See General Reins. Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82 (2d Cir. 1988) (finding "no importance" in earlier filing of insurer's preemptive declaratory judgment action when actions were filed a few weeks apart).

7

parties may not be identical, the questions at issue mirror each other. *Glencova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292, 307 (S.D.N.Y. 2012) (two actions are parallel when "[t]he question of beneficial ownership of the Arie Shares and Orly Trust Shares . . . is also the focus of the Delaware Chancery Court actions, and is one among many issues before the New York Supreme Court"). Indeed, there is one central loss suffered by the Insureds in connection with the same underlying *Lively* Lawsuit, and the defendants in the California Lawsuit are the Other Insurers that have denied coverage for that same defense costs, just like Harco. Harco will also be able to raise any claims that it has raised here as defenses, affirmative defenses, or counterclaims in the California Lawsuit. Thus, abstention is proper under *Wilton,* given that Harco falls well within the "scope of the pending state action" and all of Harco's claims "can satisfactorily be adjudicated in [the] proceeding." *Philips Elecs.*, 2004 WL 193564, at *2; *see also Hartford Accident & Indem. Co. v. Hop-On Int'l Corp.*, 568 F. Supp. 1569, 1571 (S.D.N.Y. 1983) (abstention is appropriate when a controversy under an insurance contract can be resolved completely, fairly and quickly in state court).

California also has a particular interest in ensuring the proper application of its insurance regulations and law. The key question is which "jurisdiction [has] the greatest interest in the litigation." *Intercontinental Plan., Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 382 (1969). Factors to consider include "the place of: (1) contracting, (2) negotiation of the contract, (3) performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.,* 933 F.2d 131, 137 (2d Cir. 1991).

Here, Wayfarer and IEWUM have their principal places of business in California and contracted the Policies in California. Kaplun Decl., Ex. 2, California Lawsuit Compl. ¶¶ 2-3.

All but one of the members of Wayfarer are citizens of California. *See id.* ¶¶ 4-6. Mr. Baldoni and Mr. Heath both reside in California. *Id.* ¶¶ 4-5. Harco is not incorporated in New York, nor does it have a principal place of business there. *See* Kaplun Decl., Ex. 1, Harco Compl. ¶ 8. Rather, Harco is incorporated and has its principal place of business in North Carolina. *Id.*

Further, the majority of witnesses for the two coverage actions will likely be located in the California area. Two lawsuits would force these witnesses to appear in multiple actions across the country from each other. In addition, document production would be doubled, and parties would be asked to produce documents twice. *See, e.g.*, *Travelers Prop. Cas. Co. of Am. v. N.Y. Radiation Therapy Mgmt. Servs., Inc.*, No. 09CIV694(NRB), 2009 WL 2850691, at *2 (S.D.N.Y. Aug. 31, 2009) (granting motion for abstention in part because "judicial efficiency is not well-served by permitting parallel litigations here"); *Fairchild*, 2008 WL 2198087, at *4 ("All else being equal, reducing the number of court proceedings involved with any given issue entails a more efficient use of judicial resources."). Such waste of judicial resources strongly favors abstention. *See Wilton*, 515 U.S. at 288 ("[W]e are unwilling to impute to Congress an intention to require such a wasteful expenditure of judicial resources."); *Ace Am. Ins. Co. v. Graftech Int'l Ltd.*, No. 12-CV-6355 RA, 2014 WL 2884681, at *5 (S.D.N.Y. June 24, 2014) ("reducing the number of court proceedings involved with any given issue entails a more efficient use of judicial resources").

Because California is the more proper forum, this action should be dismissed, or at the very least, stayed.

      **C.**    <u>**Abstention Will Avoid Duplicative Proceedings That Could Result in Inconsistent Rulings**</u>

The avoidance of duplicative proceedings and piecemeal litigation also weighs in favor of abstention here. The Supreme Court has discussed avoiding piecemeal litigation as a factor

9

favoring staying or dismissing a suit where parallel proceedings are underway in state court. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976) (abstention warranted when there is a "clear federal policy. . . [of] the avoidance of piecemeal adjudication of water rights in a river system"); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983) ("the danger of piecemeal litigation" was "paramount in *Colorado River*"). The Second Circuit also routinely analyzes the risk of piecemeal litigation and duplicative proceedings when deciding whether to exercise abstention. *See Woodford v. Cmty. Action Agency, Inc.*, 239 F.3d 517, 521 (2d Cir. 2001) ("[T]he desirability of avoiding piecemeal litigation . . . weighs heavily in favor of abstention" where the "state claim arises from the same factual nexus as the facts alleged before this Court.").

Here, there is a substantial risk of duplicative or contradictory fact-finding between this action and the California Lawsuit. Both this action and the California Lawsuit involve efforts by insurers to avoid their duties to the Insureds with respect to coverage for the *Lively* Lawsuit. Therefore, the disputes arise out of the same factual nexus. *See id*. Both disputes inherently involve the assessment of the same underlying facts—namely, who knew what when—with respect to the events in the *Lively* Lawsuit. As the *Lively* Lawsuit and the California Lawsuit are both ongoing, it simply makes no sense to have an additional coverage action for declaratory relief proceeding simultaneously in New York federal court. Allowing this lawsuit to continue risks duplicative costs for the Insureds, duplication of court efforts assessing the same underlying facts, and prejudice for the Insureds. Further, it could lead to inconsistent results, which would be patently unfair given the similarity of the underlying issues.

To avoid duplicative results, inconsistent outcomes, and piecemeal litigation, this Court should dismiss this lawsuit in favor of the California Lawsuit.

### D. Harco's Federal Lawsuit Constitutes Impermissible Forum Shopping

Harco's declaratory judgment lawsuit filed in federal court constitutes impermissible forum shopping. The New York federal courts recognize that "[i]n other cases involving such blatantly anticipatory declaratory suits, courts have frequently exercised their discretion to abstain." *A & E Television Networks v. Genuine Ent., Inc.*, No. 09 CIV. 7422 (RJH), 2010 WL 2308092, at *2 (S.D.N.Y. June 10, 2010). Indeed, "[i]f a party files a declaratory action with knowledge that its adversary is about to bring a coercive suit, then the object of the declaratory action cannot be to obtain clarification of disputed rights, because the declaratory plaintiff is well aware that those disputes are about to be submitted to a court." *Id*. Further, Harco went so far as to file a lawsuit before allowing the Insureds to respond to its initial denial of coverage.

As discussed above, California state court is the proper and appropriate forum for this coverage litigation. All but one of the defendants is a citizen of California, and both of the businesses implicated have their primary headquarters in California. *See* Kaplun Decl., Ex. 2, California Lawsuit Compl. ¶¶ 2–6. Harco has brought suit in New York in an apparent effort to secure a forum that it believes is more insurer-friendly than California. Numerous courts in this Circuit have time and again reminded insurers that the Declaratory Judgment Act should not be used to "gain a procedural advantage and preempt the forum choice of the plaintiff." *Great Am. Ins. Co. v. Houston Gen. Ins. Co.,* 735 F. Supp. 581, 586 (S.D.N.Y. 1990). Such strategic gameplay counsels strongly in favor of abstention. *Id.*; *North Am. Airlines, Inc. v. Int'l Brotherhood of Teamsters, AFL-CIO*, No. 04 CIV. 9949 (KMK), 2005 WL 646350, at *17 (S.D.N.Y. Mar. 21, 2005) ("'[C]ourts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" (citation omitted)).

### III. HARCO'S ACTION SHOULD BE DISMISSED RATHER THAN STAYED

Dismissal based on abstention is proper where "there is no risk that [the federal court] plaintiff's claims of non-coverage might become time-barred as they may be asserted in defense of any claims under the [applicable p]olicy." *Nat'l Union Fire Ins. Co. v. Warrantech Corp.*, No. 00 CIV 5007 NRB, 2001 WL 194903, at *3 n.1 (S.D.N.Y. Feb. 27, 2001); *see also ICBC Standard Secs., Inc. v. Luzuriaga*, 217 F. Supp. 3d 733, 739 (S.D.N.Y. 2016) (while "[a] stay is generally preferable to preserve any of the plaintiff's claims that might not be resolved by the pending parallel proceedings," if the entirety of plaintiff's claims are defenses in the parallel action, "there is no danger that the plaintiff will be prejudiced by dismissal"); *Ace Am. Ins.*, 2014 WL 2884681, at *7 (dismissing insurer's declaratory judgment action where suit embracing the same claims was pending elsewhere); *Great Am. Ins.*, 735 F. Supp. at 585 (same).

Here, as discussed above, Harco will be able to assert all of its claims and defenses in the California Lawsuit and will not be prejudiced in doing so. There is also no risk that Harco's claims will be time-barred. Accordingly, the dismissal of Harco's action, rather than a stay, is appropriate.

### IV. CONCLUSION

In accordance with the *Brillhart/Wilton* doctrine and for the foregoing reasons, the Insureds respectfully request that the Court grant this motion to dismiss or, in the alternative, stay this action while the California Lawsuit continues.

Dated: New York, New York
October 24, 2025

**MCGUIREWOODS LLP**

By: *s/ Aleksandra Kaplun*
Aleksandra Kaplun
1251 Avenue of the Americas, 20th Floor

12

New York, New York 10020
(212) 548-2100
*akaplun@mcguirewoods.com*

Kirk Pasich (*Pro Hac Vice* forthcoming)
Eliza J. Logan (*Pro Hac Vice* forthcoming)
1800 Century Park East, 8th Floor
Los Angeles, California 90067
(310) 315-8200
*kpasich@mcguirewoods.com*
*elogan@mcguirewoods.com*

*Counsel for Defendants Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, and Steve Sarowitz*