# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
BLAKE LIVELY,                                                    :
                                                                 :
                                   Plaintiff,                    :
                                                                 :
          -v-                                                    :
                                                                 :
WAYFARER STUDIOS LLC, JUSTIN BALDONI,                            :
JAMEY HEATH, STEVE SAROWITZ, IT ENDS WITH                        :
US MOVIE LLC, MELISSA NATHAN, THE AGENCY                         :
GROUP PR LLC, JENNIFER ABEL, JED WALLACE,                        :
STREET RELATIONS INC.,                                           :
                                                                 :
                                   Defendants.                   :
                                                                 :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/2025
```

24-cv-10049 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

The Wayfarer Parties[1] move under Federal Rule of Civil Procedure 45(d)(3)(A) to quash a subpoena (the "Subpoena") served upon Harco Insurance Company ("Harco") by Plaintiff Blake Lively ("Lively"). Dkt. No. 641.[2] The motion to quash is denied.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). Federal Rule of Civil Procedure 45(d)(3)(A), meanwhile, governs motions to quash subpoenas. The Rule states that a court "must quash a subpoena when it '(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires

---

[1] The Wayfarer Parties are Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, and Steve Sarowitz.
[2] Lively submitted a response to the motion on August 15, 2025. Dkt. No. 662.

disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.'" *LG Cap. Funding, LLC v. Exeled Holdings Inc.*, 2023 WL 3993751, at *1 (S.D.N.Y. June 14, 2023) (quoting Fed. R. Civ. P. 45(d)(3)(A)). "To survive a motion to quash, 'the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Ohio Dep't of Ins. v. RPM Mortgage, Inc.*, 2020 WL 8513150, at *1 (S.D.N.Y. Dec. 2, 2020) (quoting *Alex & Ani, Inc. v. MOA Int'l Corp.*, 2011 WL 6413612, at *3 (S.D.N.Y. Dec. 21, 2011)). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010).

As an initial matter, it appears that the Wayfarer Parties lack standing to quash the Subpoena. "[T]he Second Circuit has made clear that 'a party usually does not have standing to object to a subpoena directed to a non-party witness.'" *Oakley v. MSG Networks, Inc.*, 2024 WL 5056111, at *3 (S.D.N.Y. Dec. 10, 2024) (quoting *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)). An exception to this rule exists where the party seeking to quash "claims some personal right or privilege with regard to the documents sought." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *3 n.3 (S.D.N.Y. Oct. 2, 2008). But a party "lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 57892, at *4 (S.D.N.Y. Jan. 4, 2013); *see also Est. of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 554 (S.D.N.Y. 2005) ("Orascom has not raised any such claims of evidentiary privilege. Therefore, it lacks standing to object to those subpoenas."). The Wayfarer Parties argue that the information requested in the Subpoena is not relevant or otherwise discoverable, Dkt. No. 641 at 2, but they assert no privilege with respect to the requested documents. Accordingly, they lack

standing to quash the subpoena on behalf of non-party Harco.

The Wayfarer Parties' motion also fails on the merits, as Lively has demonstrated that the Subpoena calls for information relevant to her claims, and the Wayfarer Parties have not identified any burden or other reason for limiting Harco's duty to produce the requested documents. The Subpoena calls for information regarding what the Wayfarer Parties told Harco regarding complaints of sexual harassment and when it provided that information to Harco. As Lively notes, the Wayfarer Parties' knowledge regarding Lively's claim of sexual harassment, as well as the date that they acquired that knowledge, is relevant to her claims under both federal and California state law. *See Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001) (holding that notice of sexually harassing conduct triggers an employer's duty to take prompt corrective action that is reasonably calculated to end the harassment); *Bradley v. Dep't of Corr. & Rehab.*, 158 Cal. App. 4th 1612, 1630 (2008) (holding that once an employer is informed of sexual harassment, it must take adequate remedial measures).

Insurance companies have no general exemption from the obligation to provide testimony and documents in a civil case in federal court. *See OneBeacon Ins. Co. v. Forman Int'l, Ltd.*, 2006 WL 3771010, at *5 (S.D.N.Y. Dec. 15, 2006) (holding that documents prepared in the ordinary course of an insurer's business are not protected from discovery). So long as the documents are relevant and not protected by a privilege, they are subject to discovery. *See Kingsway*, 2008 WL 4452134, at *6.[3] That describes this case, so the motion to quash is denied.

---

[3] The cases cited by the Wayfarer Parties are distinguishable. They stand either for the proposition that only insurance policies and not other correspondence are subject to the mandatory disclosure obligations of Rule 26(a)(1)(A)(iv), *see Sea Salt, LLC v. Bellerose*, 2020 WL 5032466, at *2 (D. Me. Aug. 25, 2020); *Excelsior Coll. v. Frye*, 233 F.R.D. 583, 585 (S.D. Cal. 2006); *Native Am. Arts, Inc. v. Bundy-Howard, Inc.*, 2003 WL 1524649, at *1 (N.D. Ill. Mar. 20, 2003), or the proposition that the mere interest in understanding an adversary's ability to pay a judgment or to reach a settlement is not sufficient to permit discovery under the general

3

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 641.

SO ORDERED.

Dated: August 18, 2025
       New York, New York

                                               LEWIS J. LIMAN
                                        United States District Judge

---

standards of Rule 26, *see Gonzalez v. HOSOPO Corp.*, 2020 WL 6134672, at *2 (D. Mass. July 24, 2020); *S. Rehab. Network v. Sharpe*, 2000 WL 33682699, at *4 (E.D.N.C. Jan. 14, 2000).