UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY,<br><br>                    Plaintiff,<br>          v.<br><br>WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, IT ENDS WITH US MOVIE LLC, A California Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, and STEVE SAROWITZ, an individual,<br><br>                    Defendants. | Case No. 1:25-cv-05949-LJL |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS OR STAY PLAINTIFF'S ACTION**

**MCGUIREWOODS LLP**

Aleksandra Kaplun
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2100
*akaplun@mcguirewoods.com*

Kirk Pasich (*Pro Hac Vice* forthcoming)
1800 Century Park East, 8th Floor
Los Angeles, California 90067
(310) 315-8200
*kpasich@mcguirewoods.com*

*Counsel for Defendants Wayfarer Studios LLC, It Ends With Us Movie LLC, Justin Baldoni, Jamey Heath, and Steve Sarowitz*

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.  APPLICATION OF THE *BRILLHART/WILTON* DOCTRINE IS PROPER AND SUPPORTS ABSTENTION IN THIS INSURANCE COVERAGE DISPUTE ............... 2

II. THE *BRILLHART/WILTON* FACTORS FAVOR DISMISSAL OR STAY ...................... 4

   A.  Harco's Claims Can Be Satisfactorily Adjudicated in the California Action ......... 4

   B.  Harco Misrepresents Brillhart/Wilton's Necessary-Party Factor ........................... 5

   C.  Harco Admits It Can Be Sued in California, Which Favors Abstention ................ 6

   D.  Maintaining Harco's Suit in New York Federal Court Will Create Duplicative and Piecemeal Litigation and Risk Inconsistent Results ........................................ 6

   E.  The Order of Filings Is Irrelevant ............................................................................ 7

   F.  Harco's Filing Here Was Impermissible Forum Shopping ..................................... 8

   G.  California Is More Convenient and Choice of Law Favors Abstention ................. 9

III. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ace Am. Ins. Co. v. Graftech Int'l Ltd.*,
  2014 WL 2884681 (S.D.N.Y. June 24, 2014) ............................................................................5

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
  57 F.4th 85 (2d Cir. 2023) .......................................................................................................5

*Agric. Ins. Co. v. Superior Ct.*,
  70 Cal. App. 4th 385 (1999) ...................................................................................................9

*Brillhart v. Excess Ins. Co. of Am.*,
  316 U.S. 491 (1942) ................................................................................................................6

*Buss v. Superior Ct.*,
  16 Cal. 4th 35 (1997) ..............................................................................................................9

*Catlin Ins. Co. v. Champ Constr. Corp.*,
  2025 WL 2494291 (S.D.N.Y. Aug. 29, 2025) .........................................................................3

*Cont'l Indem. Co. v. Bulson Mgmt. LLC*,
  2022 WL 1747780 (S.D.N.Y. May 31, 2022) .........................................................................8

*Cont'l Cas. Co. v. Phoenix Life Ins. Co.*,
  2020 WL 4586699 (D. Conn. Aug. 10, 2020) .......................................................................10

*Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*,
  923 F. Supp. 2d 590 (S.D.N.Y. 2013) .....................................................................................3

*De Cisneros v. Younger*,
  871 F.2d 305 (2d Cir. 1989) ....................................................................................................7

*Dittmer v. Cnty. of Suffolk*,
  146 F.3d 113 (2d Cir. 1998) ....................................................................................................7

*Dunkin' Donuts Franchised Rests. LLC v. Rijay, Inc.*,
  2007 WL 1459289 (S.D.N.Y. May 16, 2007) .........................................................................6

*Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*,
  522 F.3d 271 (2d Cir. 2008) ....................................................................................................7

*Fireman's Fund Ins. Co. v. Chris-Craft, Inc.*,
  932 F. Supp. 618 (S.D.N.Y. 1996) ..........................................................................................7

*Gen. Reins. Corp. v. Ciba-Geigy Corp.*,
   853 F.2d 78 (2d Cir. 1988).................................................................................................7

*Glenclova Inv. Co. v. Trans-Res., Inc.*,
   874 F. Supp. 2d 292 (S.D.N.Y. 2012)..............................................................................3, 4

*Gustavia Home LLC v. VVS1 Corp.*,
   805 F. App'x 82 (2d Cir. 2020) .........................................................................................5

*Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*,
   681 F. Supp. 3d 155 (S.D.N.Y. 2023)...........................................................................8, 10

*Machat v. Sklar*,
   1997 WL 599384 (S.D.N.Y. Sept. 29, 1997)....................................................................3, 7

*Managing Directors' Long Term Incentive Plan v. Boccella*,
   2015 WL 2130876 (S.D.N.Y. May 6, 2015) .......................................................................4

*Mouchantaf v. Int'l Modeling & Talent Ass'n*,
   368 F. Supp. 2d 303 (S.D.N.Y. 2005)..................................................................................7

*Pac. Gas & Elect. Co. v. G.W. Thomas Drayage & Rigging Co.*,
   69 Cal. 2d 33 (1968) ...........................................................................................................9

*Pitzer Coll. v. Indian Harbor Ins. Co.*,
   8 Cal. 5th 93 (2019) ............................................................................................................9

*Precision Imaging, P.C. v. Allstate Ins. Co.*,
   263 F. Supp. 3d 471 (S.D.N.Y. 2017)................................................................................10

*R/S Assocs. v. N.Y. Job Dev. Auth.*,
   98 N.Y.2d 29 (2002) ...........................................................................................................9

*Radioactive, J.V. v. Manson*,
   153 F. Supp. 2d 462 (S.D.N.Y. 2001).................................................................................7

*Reliance Ins. Co. v. Multi-Fin. Sec. Corp.*,
   1996 WL 61763 (S.D.N.Y. Feb. 13, 1996).........................................................................4

*Ryan v. Volpone Stamp Co.*,
   107 F. Supp. 2d 369 (S.D.N.Y. 2000)................................................................................10

*St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*,
   87 F. Supp. 3d 603 (S.D.N.Y. 2015)..................................................................................10

*Stoncor Grp., Inc. v. Peerless Ins. Co.*,
   322 F. Supp. 3d 505 (S.D.N.Y. 2018).................................................................................3

*TIG Ins. Co. v. Fairchild Corp.*,
  2008 WL 2198087 (S.D.N.Y. May 27, 2008) ..................................................................3, 4

*Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*,
  2004 WL 193564, at *2 (S.D.N.Y. Feb. 3, 2004) ..............................................................4, 9

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ..........................................................................................................1, 2

*Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*,
  933 F.2d 131 (2d Cir. 1991) .................................................................................................10

*XL Ins. Am., Inc. v. Diamond Rock Hosp. Co.*,
  414 F. Supp. 3d 605 (S.D.N.Y. 2019) ....................................................................................2

*Youell v. Exxon Corp.*,
  74 F.3d 373 (2d Cir. 1996) ....................................................................................................6

**Statutes**

Cal. R. Ct. 3.714(b)(1) ...................................................................................................................8

Fed. R. Civ. P. Rule 19 ............................................................................................................2, 5

**PRELIMINARY STATEMENT**

This insurance coverage dispute belongs in California state court, not in this federal forum. Under the *Brillhart/Wilton* abstention doctrine, this Court has broad discretion to dismiss or stay declaratory judgment actions in the interest of comity, federalism, and judicial efficiency, particularly when, as here, parallel state proceedings can resolve substantially overlapping issues governed by state law. The California Action[1] and this case both concern coverage for the *Lively* lawsuit, involve similarly situated insurers, and implicate similar coverage disputes. Courts do not require perfect identity of parties or claims to find actions parallel; what matters is the significant overlap of issues and the ability of the state action to adjudicate the rights at stake—a standard readily met here.

Abstention is especially appropriate because disputes over insurance coverage are quintessential matters of state law that federal courts routinely decline to decide when a state forum is available and adequate. Harco is not "statutorily entitled to a federal court forum," Opp. at 2, because federal courts have broad "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject-matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995). Here, California has the most substantial relationship to the coverage dispute: the policies were sold in California to California insureds, the underlying facts and witnesses are in California, and California law will govern. Should this Court invoke its discretion to abstain from this state-law coverage dispute, the Insureds will join Harco in the California Action—where it belongs.

All the salient *Brillhart/Wilton* factors favor abstention. Harco's claims can be satisfactorily adjudicated in the California Action. Harco concedes it is amenable to service and

---

[1] Capitalized terms have the same meaning as in the Insured's opening motion brief unless otherwise stated.

1

could be joined in California. And proceeding in this Court would create duplicative piecemeal litigation and risk inconsistent rulings on overlapping issues—precisely the result *Brillhart/Wilton* seeks to avoid.

Harco's counterarguments do not warrant a different conclusion. The filing order is immaterial when, as here, the actions were brought close in time and involve concurrent state and federal proceedings. Nor does abstention require that identical parties be aligned in both actions or that Fed. R. Civ. P. Rule 19's necessary-party standard be met. The circumstances also show classic forum shopping by Harco, which rushed to file in this Court to secure a perceived advantage rather than permit the California court to resolve California insurance law issues arising from California policies and parties. Not only have Harco's actions created judicial inefficiencies, but they have also prejudiced the Insureds by forcing them to litigate two duplicative coverage disputes in two different fora while still defending the *Lively* lawsuit.

This Court should exercise its discretion under *Brillhart/Wilton* to dismiss, or at minimum stay, this action in favor of the ongoing California Action.

## ARGUMENT

### I.     APPLICATION OF THE *BRILLHART/WILTON* DOCTRINE IS PROPER AND SUPPORTS ABSTENTION IN THIS INSURANCE COVERAGE DISPUTE

The *Brillhart/Wilton* doctrine governs a court's broad discretion when considering declaratory judgment actions. *See Wilton*, 515 U.S. at 288. This doctrine is couched "in the permissive language of the Declaratory Judgment Act and is aimed at preventing district courts from 'indulging in gratuitous interference.'" *XL Ins. Am., Inc. v. Diamond Rock Hosp. Co.*, 414 F. Supp. 3d 605, 610 (S.D.N.Y. 2019) (citation omitted).

Harco argues that the California Action is not a parallel proceeding because *Brillhart/Wilton* applies "*only* when there are duplicative and parallel actions pending *between*

2

*the same parties.*" Opp. at 9. That is wrong. "Perfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 597 (S.D.N.Y. 2013) (citation omitted); *Catlin Ins. Co. v. Champ Constr. Co.,* 2025 WL 2494291, at *10 (S.D.N.Y. Aug. 29, 2025) ("[T]here is no requirement under *Wilton* abstention that each party to the federal case also be a party to the state case.").

Harco's narrow reading of "parallel proceedings" is contrary to this Court's more flexible analysis. It is sufficient when "the factual and legal issues in both cases overlap significantly." *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 515 (S.D.N.Y. 2018) (citation omitted). "[E]ven if the claims asserted are not identical, if the claims raised in the federal proceeding 'could be satisfactorily adjudicated in [the state] proceeding,' abstention may be warranted." *Machat v. Sklar*, 1997 WL 599384, at *7 (S.D.N.Y. Sept. 29, 1997) (citation omitted).

Harco lists cases that reflect "a pending parallel action between the same parties" in arguing that fixed parties are required for this analysis. Opp. at 9. But these cases show only that sometimes the parties are the same; it does not undercut courts' recognition that there is no rigid requirement. *See, e.g.*, *Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292, 307 (S.D.N.Y. 2012) (parallel actions when similar issue was "the focus of the Delaware" actions and one of many issues before New York court). Just because one action "is merely a subset, rather than exact duplicate, of the state court proceeding does not diminish [their] concurrent nature." *TIG Ins. Co. v. Fairchild Corp.,* 2008 WL 2198087, at *3 (S.D.N.Y. May 27, 2008).

Here, both the California and New York actions concern insurance for the *Lively* lawsuit.

3

While the parties and specific coverage questions may not be identical, both involve the insurers' duty to defend and overlapping coverage defenses. The underlying facts, allegations, and pleadings are the same. Further, the Harco policies contain exclusions (i.e., conduct, bodily injury, property damage) similar to those in the policies at issue in the California Action. Once Harco is joined in California—which the Insureds fully intend to do should this Court abstain from this dispute, these overlapping matters can and will be decided in a single proceeding.

Moreover, insurance disputes "generally present strong reasons for a federal court to abstain because such claims are intimately tied to matters of state law which are being litigated in state court." *TIG*, 2008 WL 2198087, at *3; *see, e.g.*, *Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, 2004 WL 193564, at *2 (S.D.N.Y. Feb. 3, 2004) ("courts routinely invoke the doctrine of abstention in insurance coverage actions"); *Reliance Ins. Co. v. Multi-Fin. Sec. Corp.*, 1996 WL 61763, at *3 (S.D.N.Y. Feb. 13, 1996) ("Tipping heavily in favor of abstention in this case . . . is the fact that state law will govern the outcome of this action. . . . Congress has long explicitly exempted the federal government from regulation of the insurance industry.").

## II. THE *BRILLHART/WILTON* FACTORS FAVOR DISMISSAL OR STAY

While "the *Wilton* Court did not lay out a bright-line test for abstention in favor of state court litigation, it did endorse the non-exclusive list of factors set forth in *Brillhart*." *Glenclova*, 874 F. Supp. 2d at 307. "In exercising its discretion, the Court must look at more than just the mechanical application of the declaratory judgment standard" and consider "the litigation situation as a whole in determining whether it is appropriate for the Court to exercise its jurisdiction over the declaratory judgment action before it." *Managing Directors' Long Term Incentive Plan v. Boccella*, 2015 WL 2130876, at *5 (S.D.N.Y. May 6, 2015) (citation omitted).

### A. Harco's Claims Can Be Satisfactorily Adjudicated in the California Action

Harco argues that its claims cannot "satisfactorily be adjudicated" in California. Opp. at

4

13. Why not? A California court can interpret policies issued in California to California insureds.

In weighing whether a claim can be satisfactorily adjudicated in state court, this Court considers the subject matter of the parallel proceedings. *See Gustavia Home LLC v. VVS1 Corp.*, 805 F. App'x 82, 84 (2d Cir. 2020) (even though Gustavia was not a party to state proceeding, district court "properly exercised its discretion in noting that the ongoing state litigation . . . 'may be dispositive' of one of Gustavia's claims, and would 'necessarily' affect the others"). The same thing is true here. This Court's discretion in determining whether a claim can be satisfactorily adjudicated in state court is not limited to instances involving a nearly identical overlap of parties and issues. Because California state court is an adequate and fair forum for Harco, it is well within this Court's discretion to determine that Harco's claims can be satisfactorily adjudicated in the California Action, and this factor favors the Insureds—not Harco.

### B. Harco Misrepresents *Brillhart/Wilton*'s Necessary-Party Factor

Harco incorrectly reasons that because it is not currently a named party in the California Action, this Court should not abstain. Opp. at 10-11. However, the *Brillhart/Wilton* analysis is prudential and focuses on whether a party has a fair opportunity to adjudicate its claim, not a rigid application of Fed. R. Civ. P. Rule 19. *See Ace Am. Ins. Co. v. Graftech Int'l Ltd.*, 2014 WL 2884681, at *4 n.9 (S.D.N.Y. June 24, 2014) (insurer's "inclusion in the Ohio action nonetheless supports abstention in this case" even though it was not "a necessary party pursuant to Rule 19"). Harco's current absence from the California Action is not dispositive because the core inquiry for abstention is whether parties are amenable to process and can be joined for a comprehensive state-court resolution—factors easily met here.

The Second Circuit has also confirmed that the *Brillhart*/*Wilton* factors are discretionary and governed by open-ended, practical factors, not a rigid necessary-party test. *See Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99 (2d Cir. 2023) ("[E]ven in circumstances

5

when [a declaratory] judgment [would] serve a useful purpose in clarifying and settling the legal relations in issue or terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding, district courts retain broad discretion to decline jurisdiction under the DJA." (internal quotations and citations omitted)). Accordingly, abstention is not governed by any rigid civil-procedure test but rather by broader principles of federalism, judicial efficiency, and fairness. These principles strongly favor the Insureds' request for abstention here.

### C. Harco Admits It Can Be Sued in California, Which Favors Abstention

Harco admits it is amenable to service in California and could be added to that lawsuit. Opp. at 14. Contrary to Harco's position that this factor is of "no weight," *id.*, the *Brillhart/Wilton* analysis strongly considers whether parties are amenable to process in the state proceeding to ensure a fair adjudication. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Youell v. Exxon Corp.*, 74 F.3d 373, 376 (2d Cir. 1996) (district court must determine whether "parties are amenable to process in that proceeding"). Based on Harco's own admission that it can be joined in the California Action, this factor weighs in favor of abstention.

Moreover, Harco's claim that the Insureds are litigating the *Lively* lawsuit in New York ignores that the Insureds were sued in New York by Ms. Lively. All other relevant contacts are with California, not New York. And Harco can receive a fair adjudication in California.

### D. Maintaining Harco's Suit in New York Federal Court Will Create Duplicative and Piecemeal Litigation and Risk Inconsistent Results

Harco does not contest that coverage for the same underlying *Lively* lawsuit would be at issue in two different fora, which could lead to duplicative and piecemeal litigation. Even Harco's own cited case, *Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.*, recognizes that "piecemeal litigation occurs when different claims arising out of the same transaction or occurrence are being prosecuted in two different litigations." 2007 WL 1459289, at *5 (S.D.N.Y.

6

May 16, 2007). Because the California and New York actions involve the same Insureds, the same underlying events, and similar coverage issues, a clear potential exists for "inconsistent and mutually contradictory determinations." *De Cisneros v. Younger,* 871 F.2d 305 (2d Cir. 1989); *Machat,* 1997 WL 599384, at *7 n.17 ("What matters is that the claims concern the same events and involve sufficient overlap of subject matter." (citations omitted)).

Harco also incorrectly suggests that the *Colorado River* doctrine only applies in actions involving "federal policy or [a] unified state system." But courts exercise abstention in actions involving common-law torts, *De Cisneros,* 871 F.2d at 305, and contract disputes, *Mouchantaf v. Int'l Modeling & Talent Ass'n*, 368 F. Supp. 2d 303 (S.D.N.Y. 2005) (non-compete agreement). The question is whether the actions overlap. *See Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (one purpose of *Wilton* is "[t]o avoid wasteful and duplicative litigation").

### E.     The Order of Filings Is Irrelevant

Harco's reliance on the "first-to-file" rule is misplaced because that "doctrine applies to concurrent federal litigation . . . not concurrent state/federal litigation." *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001). And filing order is generally inconsequential when, as here, actions are filed close in time. *See Gen. Reins. Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82 (2d Cir. 1988); *Fireman's Fund Ins. Co. v. Chris-Craft Indus., Inc.*, 932 F. Supp. 618, 621 (S.D.N.Y. 1996) (staying first-filed action). Harco cites *Employers Insurance of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271 (2d Cir. 2008), for the proposition that the first-filed rule applies, Opp. at 20, but *Employers* is inapposite. The Second Circuit remanded the case to the district court to determine which forum was more appropriate. *Id.* at 275 ("[T]he first-filed rule does not constitute an invariable mandate. The inquiry still requires selection of the more appropriate forum.").

7

### F. Harco's Filing Here Was Impermissible Forum Shopping

After receiving a response from the Insureds' coverage counsel on June 20, 2025, disputing its position and promising a formal letter responding to Harco's coverage position, Harco filed this action before receiving the letter with no prior notice.

Harco's excuse for filing (in a jurisdiction it clearly believed was more favorable to it) is some fear of "avoidable damages" that might accrue while waiting for counsel's promised communication. Opp. at 16. Harco does not elaborate, and there is no evidence of any such damages. If Harco appropriately investigated the Insureds' claim and denied it in good faith, then what "avoidable damages" concern it? Of course, if Harco breached its duties, then the Insureds have suffered and are suffering damages—but why would Harco's breach justify proceeding in in a less appropriate court? It does not. Nor does Harco show that resolution would come faster here than in California. *See* Cal. R. Ct. 3.714(b)(1) ("The goal of each trial court should be to manage . . . cases . . . so that: (A) 75 percent are disposed of within 12 months; (B) 85 percent are disposed of within 18 months; and (C) 100 percent are disposed of within 24 months.").

Harco also relies on inappropriate and inapplicable case law. In *Harleysville Insurance Co. v. Certified Testing Laboratories Inc.*, the insurer sought declaratory judgment after providing a defense for two years and the court found that declaratory relief would "resolve uncertainty as to whether or not Harleysville may terminate its cost sharing and refuse any coverage without subjecting itself to liability for failing to comply with its contractual obligations." 681 F. Supp. 3d 155, 166 (S.D.N.Y. 2023). An insurer filing first may make sense when the insurer is paying. *See, e.g., Cont'l Indem. Co. v. Bulson Mgmt., LLC*, 2022 WL 1747780, at *1 (S.D.N.Y. May 31, 2022) (declaratory judgment action proper when insurer had paid over $1,000,000 and had immediate need to pay more defense costs). But the comparison to the facts here undercuts Harco's argument. There is a significant difference between cases

8

involving insurers filing suit after years of paying defense costs and Harco filing suit within a month of awaiting a follow-up coverage letter without having paid a penny to its Insureds.

The Insureds are the parties most interested in a prompt resolution because they are the ones being deprived of one of the most important benefits promised by Harco—a defense paid for by Harco. *See, e.g., Buss v. Superior Ct.*, 16 Cal. 4th 35, 45 (1997) ("so far as the insured is concerned, the duty to defend may be as important as the duty to indemnify"). Rather than protect its Insureds' interest as it must do, *see Agric. Ins. Co. v. Superior Ct.*, 70 Cal. App. 4th 385, 397 (1999) (insurer has "duty to place the interests of the insured on at least an equal footing with its own interests"), Harco has sued its Insureds, forcing them to litigate two coverage lawsuits, while leaving them to defend the *Lively* lawsuit on their own.

### G. **California Is More Convenient and Choice of Law Favors Abstention**

As addressed above, New York is not the more convenient forum. Choice of law also favors abstention because a California state court is uniquely qualified to handle the insurance law issues central to the case. *See, e.g., Philips*, 2004 WL 193564, at *2.[2] California has a particular interest in ensuring its insurance laws and regulations are properly followed and applied. *See, e.g., Pitzer Coll. v. Indian Harbor Ins. Co.,* 8 Cal. 5th 93, 105 (2019) ("California's notice-prejudice rule is a fundamental public policy of California"). Wayfarer and IEWUM have their principal places of business in California, Mr. Heath and Mr. Baldoni both reside in the

---

[2] Harco also mischaracterizes the Insureds' July 20, 2025, letter as stating that "New York and California follow the same legal principles on key issues such as the scope of the duty to defend." Opp. at 21. The letter merely notes that the states have similar law on one aspect of the duty to defend. But the laws differ in material respects. For example, California requires courts at least provisionally consider extrinsic evidence in deciding whether a contract is ambiguous while New York permits considering such evidence only if the contract is first determined to be ambiguous. *Compare Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 37 (1968) ("The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is . . . whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.") *with R/S Assocs. v. N.Y. Job Dev. Auth.,* 98 N.Y.2d 29, 33 (2002) ("[E]xtrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face." (citation omitted)).

state, and the insurance policies were purchased and contracted for in California—facts which satisfy the choice-of-law factors. Harco's dismissal of *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc*., 933 F.2d 131 (2d Cir. 1991), as a "red herring" (Opp. at 20) is unavailing because abstention does not alter the choice-of-law analysis.

The cases on which Harco relies do not help it either. *See Ryan v. Volpone Stamp Co*., 107 F. Supp. 2d 369, 397 (S.D.N.Y. 2000) (involving federal-question jurisdiction); *Cont'l Cas. Co. v. Phoenix Life Ins. Co.,* 2020 WL 4586699, at *4 (D. Conn. Aug. 10, 2020) (competing California action involved fewer parties and parties seeking abstention had "far stronger connections" with Connecticut rather than California); *Precision Imaging, P.C. v. Allstate Ins. Co.,* 263 F. Supp. 3d 471, 475 (S.D.N.Y. 2017) (no parallel proceeding and choice between courts in same state); *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 608 (S.D.N.Y. 2015) (same); *Harleysville,* 681 F. Supp. 3d 155 (no abstention analysis and no parallel case). The convenience of litigating Harco's claims in California weighs in favor of abstention as do most of the other *Brillhart/Wilton* factors discussed herein.

### III. CONCLUSION

The Insureds respectfully request that this Court grant their motion.

Dated:   New York, New York
        December 12, 2025

**MCGUIREWOODS LLP**

By: *s/ Aleksandra Kaplun*
    Aleksandra Kaplun
    1251 Avenue of the Americas, 20th Floor
    New York, New York 10020
    (212) 548-2100
    *akaplun@mcguirewoods.com*

    Kirk Pasich (*Pro Hac Vice* forthcoming)
    1800 Century Park East, 8th Floor
    Los Angeles, California 90067

(310) 315-8200
*kpasich@mcguirewoods.com*

*Counsel for Defendants*

**CERTIFICATION OF COMPLIANCE**

The undersigned attorney does hereby certify that the foregoing was prepared on a computer using Microsoft Word and complies with Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and that it has fewer than 3,500 words and does not exceed 10 pages, excluding the case caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does including material contained in footnotes or endnote. As determined by the word count function of the word-processing system used to prepare this document, and pursuant to the above-referenced rules, this document contains 3,292 words.

Dated:   New York, New York
　　　　 December 12, 2025

　　　　　　　　　　　　　　　　　　　**MCGUIREWOODS LLP**

　　　　　　　　　　　　　　　　　By: *s/ Aleksandra Kaplun*
　　　　　　　　　　　　　　　　　　　Aleksandra Kaplun
　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas, 20th Floor
　　　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　　　(212) 548-2100
　　　　　　　　　　　　　　　　　　　*akaplun@mcguirewoods.com*

　　　　　　　　　　　　　　　　　*Counsel for Defendants*