

Skarzynski Marick & Black LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
P 212.820.7700 | F 212.820.7740
skarzynski.com

December 22, 2025

VIA ECF
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Harco National Ins. Co. v. Wayfarer Studios LLC, et al.*,
Civil Action No.: 1:25-cv-05949-LJL [Related to 1:24-cv-10049 (LJL)]
Letter Motion to Allow and Incorporated Sur-Reply in Opposition to Defendant's Motion to Dismiss or Stay

Dear Judge Liman,

    Plaintiff Harco National Insurance Company ("Harco") respectfully submits this letter motion pursuant to Rule 1.C. of Your Honor's Individual Practices in Civil Cases, in support of Harco's motion for leave to file a Sur-Reply in further response to the Defendants' Motion to Dismiss or Stay this Action. *See* ECF Dkt. Nos. Nos. 14-16, 25-26. As discussed below, this Sur-Reply is appropriate and should be granted to allow Harco to address the multiple new cases cited by Defendants for the first time in their Reply Memorandum of Law ("Defendants' Reply"). Before filing this letter motion, the undersigned attempted to confer in good faith with Defendants' counsel by telephone on December 22, 2025, to obtain their consent.

    Defendants' Reply cites eleven new cases addressing abstention as further support for its motion to dismiss or stay. Each of these cases are readily distinguishable from the circumstances of this case or support Harco's position that this court should not grant Defendants' motion for abstention. Had they been cited in the opening brief, Harco's opposition would have made these points in its opposition.

    First, seven of the newly cited cases do not support the argument that the state court action need not involve the exact same parties and issues. Each of the cases in fact involve an action pending before a state court (or territory) between the same parties addressing the same issues. *See Gustavia Home LLC v. VVS1 Corp.*, 805 F. App'x 82, 84 (2d Cir. 2020)(both the federal court plaintiff and defendant were present and issues in the state litigation "may be dispositive" of one of the federal court claims, and would "necessarily" affect the others); *XL Ins. Am., Inc. v. Diamond Rock Hosp. Co.*, 414 F. Supp. 3d 605, 611 (S.D.N.Y. 2019)(Virgin Islands lawsuit "addresses the same claims with the same parties"); *Managing Directors' Long Term Incentive Plan v. Bocella*, 2015 WL 2130876, *5-6 (S.D.N.Y. May 6, 2015)(both suits "have the same 'parties in interest'" and "present the opportunity for 'ventilation' of the same state law issues"); *Mouchantaf v. Int'l Modeling & Talent Ass'n*, 368 F. Supp. 2d 303, 306 (S.D.N.Y. 2005)(noting that a threshold determination is "whether the state and federal proceedings are indeed parallel, i.e., whether

Hon. Lewis J. Liman<br>
December 22, 2025<br>
Page 2

substantially the same parties are litigating the same issues in a state forum" and concluding that this threshold is satisfied because the relevant parties are present in both actions and the gravamen of the state and federal court actions "is virtually identical"); *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473-77 (S.D.N.Y. 2001)(plaintiff in the federal action was a defendant in the state action and had already filed a cross-complaint in the state court action which is identical to the complaint in the federal action and both actions concern the relationship of the same parties); *Machat v. Sklar*, 1997 WL 599384, *7-8 (S.D.N.Y. Sept. 29, 1997)(granting abstention where the main parties are involved in both the state and federal actions, their interests in each action are identical, and the issues to be decided in both actions are substantially the same); *De Cisneros v. Younger,* 871 F.2d 305 (2d Cir. 1989)(parties to federal court action were also parties to multiple consolidated state court actions and all actions involved liability arising from the same fire such that the factual issues were "inextricably linked").

While Harco's coverage action and the California Lawsuit each involve insurance coverage for the same underlying *Lively* Litigation, as detailed in Harco's Opposition, the above-noted newly cited cases are procedurally different. Here, unlike the seven cases above, the California Lawsuit cannot qualify as a parallel action as Harco is not presently a defendant in that action and the issues are distinct as coverage under Harco's policy at issue in this action and coverage under the separate insurance policies issued by the separate insurer-defendants in the California Lawsuit must be evaluated separately under the separate terms and conditions of each insurance insurers' respective insurance policy. *See* Dkt. No. 25 at 14-17.[1]

<u>Second</u>, two of the newly cited cases in Defendants' Reply, are readily distinguishable because each case granted abstention (a stay) of a federal declaratory judgment action regarding contractual defense and indemnity obligations in deference to an underlying state court *liability* action where the federal and state court actions turned on the exact same *factual* issues. *See Catlin Ins. Co. v. Champ Constr. Co.,* 2025 WL 2494291, *1-3 (S.D.N.Y. Aug. 29, 2025)(LJL); *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 508-09 (S.D.N.Y. 2018). Further distinguishing these cases, in *Catlin*, this Court noted that the insurer-plaintiff's federal court action effectively involved the same parties as the state action because the insurer asserted only the contractual rights of its insured (i.e., Catlin brought the federal court action in the shoes of its insured, a defendant in the underlying action, as its subrogee), such that Catlin's interests were directly aligned with a party in the underlying action. *See* 2025 WL 2494291 at *8-10. Similarly, *Stoncor* found abstention appropriate because the underlying state court action would conclusively determine the factual issues pertaining to the liability of Stoncor to the underlying plaintiff and the duty to defend and indemnify raised in the federal court action was contingent on the very same factual issue squarely raised in, and which would be resolved in, the underlying state court action. *See* 322 F. Supp. 3d at 516-19.

Here, in stark contrast to *Catlin* and *Stoncor*, Defendants are seeking abstention in favor of an underlying liability action to which Harco is not a party, *does not* involve any party with the

---

[1] References to page numbers in previously filed documents are to the page numbers listed at the top of the page added by the ECF System. Capitalized terms herein have the same meaning as in Harco's Opposition Brief unless otherwise stated.

Hon. Lewis J. Liman<br>
December 22, 2025<br>
Page 3

exact same interests as Harco in this action, and *will not* conclusively resolve issues present in this action. Rather, the California Lawsuit concerns the conduct and coverage obligations of different insurers under insurance policies with different terms and conditions. *See* Dkt. No. No. 25 at 11-13, 15-17.

Finally, the remaining two newly cited cases in the Defendants' Reply *reject* abstention for many of the same reasons present here. In *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590 (S.D.N.Y. 2013), the court denied abstention where, among other factors, the federal and state proceedings were not parallel because there was not an identity of parties and the issues and relief sought were not the same. *Id.* at 597-99. In its analysis, the court noted that "if the court has any doubt regarding the parallel nature of the two actions, the outcome should be resolved in favor of exercising federal jurisdiction" and that the court "must analyze whether the two actions are *currently* parallel." *Id.* at 597 (italics in original; internal quotations omitted). *Dalzell* further rejected arguments suggesting that abstention was required because of the risk of piecemeal litigation by noting that the defendants before it were the ones who filed their state court action after Plaintiff filed its federal court action such that it was the defendants who created the potential for piecemeal litigation of which they complain. *Id.* at 600. The court also noted that even "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex" and the ability of the state court to adequately protect Plaintiff's interests is a neutral factor. *Id.* at 602.

Similarly, in *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113 (2d Cir. 1998), the court held that abstention was improper under *Burford* and *Colorado River*, respectively, where the federal action does not involve a complex state administrative process or even where there is a potential for conflict with state regulatory law or policy and despite the fact that the concurrent proceedings involve substantially the same parties litigating substantially the same issue. *Id.* 117-118.[2]

In sum, each of the cases cited for the first time in Defendants' Reply either contradict Defendants' arguments in favor of abstention or are inapposite as they do not address a situation where, as here, the federal and state court action do not involve the same parties or issues.

For these reasons, and the reasons set forth in Harco's Memorandum of Law in Opposition to Defendants' Motion (Dkt. No. 25), Defendants' Motion for Reconsideration should be denied.

---

[2] Defendants' Reply also for the first time cites *Pitzer Coll. v. Indian Harbor Ins. Co.*, 8 Cal. 93 (2019) in support of its choice of law argument. *Pitzer* is inapposite for the reasons set forth in Harco's Opposition (Dkt. No. 25 at 25-27) and because it found California's notice-prejudice rule to be a fundamental public policy in the context of occurrence-based policies requiring notice "as soon as practicable." *Id.* at 107-08. In contrast, where, as here an insurance company limits coverage of a policy based on a specific notice requirement, that plain language controls. *See, e.g., Pacific Employers Ins. Co. v. Superior Court,* 221 Cal.App.3d 1348 (1990); *Scripps Health v. Nautilus Ins. Co.,* 2024 WL 4847371, at *15 (S.D. Cal. Nov. 20, 2024).

Hon. Lewis J. Liman<br>
December 22, 2025<br>
Page 4

Respectfully submitted,

SKARZYNSKI MARICK & BLACK, LLP

/s/ *Evan Shapiro*

Evan Shapiro, Esq.
James T. Sandnes, Esq.
1 Battery Park Plaza
New York, NY 10004
212-820-7700
eshapiro@skarzynski.com
jsandnes@skarzynski.com

*Attorneys for Plaintiff Harco Insurance Company*

cc:   All counsel of record via ECF