# McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Aleksandra Kaplun**
Direct: 212.548.7015.
akaplun@mcguirewoods.com
Fax: 212.715.2314.

December 29, 2025

**VIA ECF**
Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *Harco National Ins. Co. v. Wayfarer Studios LLC, et al.,*
              Civil Action No.: 1:25-cv-05949-LJL
              Defendants' Opposition to Harco's Letter Motion to Allow and Incorporated Sur-Reply in Opposition to Defendant's Motion to Dismiss or Stay

Dear Judge Liman:

     Defendants submit this letter in opposition to Plaintiff Harco's improper motion seeking leave to file a sur-reply in further response to the Defendants' Motion to Dismiss or Stay while simultaneously submitting the sur-reply before obtaining the leave it seeks. As a threshold matter, your Individual Rule 1.C. (which Harco cites) explicitly states that "[l]etter-motions may be filed *when permitted by the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions*" (emphasis added). Neither the Local Rules nor the Electronic Filing Rules and Instructions permit filing letter motions seeking leave to file a sur-reply and Harco does not refer to any such rule or other authority permitting it to file its improper letter motion. In fact, Local Civil Rule 6.1, which governs "Service and Filing of Motion Papers," provides for a motion, an opposition, and a reply; it does not mention a sur-reply. Nor does any other local rule. Moreover, it is improper to submit a sur-reply while simultaneously asking the court for permission to file it as Harco does here. *See United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975) ("The proposed reply papers should not accompany the request for leave to submit them."). Harco's premature sur-reply violates both the letter and the spirit of the rules designed to prevent unauthorized motion practice by simultaneous filings.

     Furthermore, Harco's letter motion fails to identify a single new argument or issue Defendants raised in their reply that is not responsive to the arguments Harco raised in its opposition brief. Each of the new cases that Defendants cited in their reply was responsive to an argument Harco made, and Harco does not claim otherwise. Nor did Harco's counsel contest this fact when Defendants' counsel made this same point on December 22, 2025, in response to an email we sent regarding Harco's plan to file this request (which omitted Harco's intention to simultaneously file a sur-reply along with the request). Accordingly, Harco's improper sur-reply filing should be struck by this Court. *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 349 (S.D.N.Y. 1996) ("A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.").

Hon. Lewis J. Liman
December 29, 2025
Page 2

In the event this Court does not strike Harco's improper sur-reply, Harco's attempt to distinguish Defendants' cited cases fails.

First, Harco states that "seven of the newly cited cases do not support the argument that the state court action need not involve the exact same parties and issues." However, most of the cases that Harco addresses were not cited for that proposition:

- *XL Insurance America, Inc. v. Diamond Rock Hospitality Co.*, 414 F. Supp. 3d 605, 611 (S.D.N.Y. 2019), supports that the Declaratory Judgment doctrine "is couched 'in the permissive language of the Declaratory Judgment Act' and is aimed at preventing district courts from 'indulging in gratuitous interference.'"

- *Managing Directors' Long Term Incentive Plan v. Bocella,* 2015 WL 2130876, *5-6 (S.D.N.Y. May 6, 2015), confirms the rule that the court must look at litigation holistically in determining whether proceedings are parallel.

- *De Cisneros v. Younger,* 871 F.2d 305, 305 (2d Cir. 1989), and *Mouchantaf v. International Modeling & Talent Association*, 368 F. Supp. 2d 303, 306 (S.D.N.Y. 2005) rebut Harco's incorrect assertion that the *Colorado River* doctrine only applies in actions involving "federal policy or [a] unified state system." *De Cisneros,* 871 F.2d at 308, also supports the principle that the *Brillhart/Wilton* doctrine seeks to avoid "inconsistent and mutually contradictory determinations."

- *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 473-77 (S.D.N.Y. 2001), rebuts Harco's use of case law that demonstrated use of the "first-to-file" rule.

All these cases support the propositions for which they are cited and nothing in Harco's inappropriate sur-reply renders the rules articulated in these cases inapplicable here.[1]

In *Gustavia Home LLC v. VVS1 Corp.*, 805 F. App'x 82, 84 (2d Cir. 2020), while both parties may have briefly "appeared" in the state case, the actual parties in the state and federal actions at issue differed. Accordingly, *Gustavia* supports Defendants' request for abstention here.

Defendants cited to *Machat v. Sklar,* 1997 WL 599384 (S.D.N.Y. Sept. 29, 1997), to support the proposition that "even if the claims asserted are not identical, if the claims raised in the federal proceeding 'could be satisfactorily adjudicated in [the state] proceeding,' abstention may be warranted." Despite the fact that the claims, the relief sought, and the involved parties were not identical, the court found abstention was proper. While the claims differed, as they do here, the outcome sought was the same. *Id.* at *7-8. Similarly, *Catlin Insurance Co. v. Champ Construction Co.*, 2025 WL 2494291, *1-3 (S.D.N.Y. Aug. 29, 2025), supports the proposition that "there is no requirement under *Wilton* abstention that each party to the federal case also be a party to the state case." In *Catlin*, the court emphasized that the query is "whether the scope of the related proceeding is equivalent, whether the claims of the parties to the declaratory

---

[1] Additionally, even if the notice-prejudice rule does not apply here, as Harco contends in response to *Pitzer College v. Indian Harbor Insurance Co*., 8 Cal. 93 (2019), that does not take away from California's strong interest in protecting California-based insureds and in ensuring insurance laws and regulations are followed.

Hon. Lewis J. Liman
December 29, 2025
Page 3

judgment action can be satisfactorily adjudicated in that action, and whether such parties are amenable to process in that proceeding." *Id.* at *8. It is likely that both courts in the present action would need to interpret similar—and in some cases nearly identical—insurance policy provisions. In *Catlin*, as here, the court determined that because the state court would need to answer some of the same questions as the federal court, and because those questions were purely of state law, abstention should be granted. As in this instant action, the *Catlin* court came to this conclusion even though Catlin was not a party to both actions. *Stoncor Group, Inc. v. Peerless Insurance Co.*, 322 F. Supp. 3d 505, 515 (S.D.N.Y. 2018), likewise supports the proposition that "parallel proceedings" are not required for abstention and it is sufficient that "the factual and legal issues in both cases overlap significantly." In *Stoncor*, as in the current action, all necessary parties had yet to be joined. Despite this, the court found that given overlapping issues of fact in both the federal and state actions, abstention was proper.

Further, Harco ignores this Court's reminder in *Stoncor* that "*Wilton* explicitly declined to 'delineate the outer boundaries of [court] discretion,'" *Stoncor*, 322 F. Supp. 3d at 514 (citation omitted), and that "*Wilton*'s holding was premised on the notion that a federal court should refrain from issuing declaratory judgments on issues that 'can be better settled in the proceeding pending in state court,' which can be true even when the state court action is not a parallel proceeding." *Id*. (citation omitted).

Finally, Harco claims *Dalzell Management Co. v. Bardonia Plaza*, 923 F. Supp. 2d 590 (S.D.N.Y. 2013), and *Dittmer v. County of Suffolk*, 146 F.3d 113 (2d Cir. 1998), "reject abstention for many of the same reasons present here." This is incorrect. While Defendants cited these cases to support more general principles present in both the *Brillhart/Wilton* and *Colorado River* analyses, those cases involved application of the *Colorado River* doctrine, which is not applicable here. Thus, Harco cannot distinguish those cases based on their facts as they are not afforded the same discretion as cases like this one that is decided under *Brillhart/Wilton*.

For these reasons, Harco's procedurally improper and substantively baseless sur-reply should be disregarded by this Court.

Respectfully submitted,

**MCGUIREWOODS LLP**

 /s/ *Aleksandra Kaplun*
Aleksandra Kaplun
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2100
akaplun@mcguirewoods.com

Kirk Pasich (*Pro Hac Vice* forthcoming)
1800 Century Park East, 8th Floor
Los Angeles, California 90067

Hon. Lewis J. Liman
December 29, 2025
Page 4

               (310) 315-8200
               *kpasich@mcguirewoods.com*

               *Counsel for Defendants*

cc: All counsel of record via ECF