UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARCO NATIONAL INSURANCE COMPANY,

Plaintiff,

- against -

WAYFARER STUDIOS LLC, a Delaware Limited Liability Company, IT ENDS WITH US MOVIE LLC, a California Limited Liability Company, JUSTIN BALDONI, an individual, JAMEY HEATH, an individual, and STEVE SAROWITZ, an individual,

Defendants.

Civil Action No.: 1:25-cv-5949-LJL

[Related to 1:24-cv-10049(LJL)]

**PLAINTIFFS ANSWER AND DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Harco National Insurance Company ("Harco"), by and through its undersigned counsel, Skarzynski Marick & Black LLP, for its Answer and Defenses to the allegations in the Counterclaims by Defendants Wayfarer Studios LLC ("Wayfarer"), It Ends With Us Movie LLC ("IEWUM"), Justin Baldoni ("Baldoni"), Jamey Heath ("Heath"), and Steve Sarowitz ("Sarowitz") (jointly "Defendants"), alleges as follows. To the extent not specifically admitted herein, all allegations set forth in the Counterclaims are denied.

**NATURE OF THE COUNTERCLAIMS**[1]

1. Paragraph 1 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco admits that it issued two insurance policies to Wayfarer as the Named Insured, which are documents that speak for themselves. Harco further states that the policies must be read as a whole, and respectfully

[1] In responding to the Counterclaims, Harco includes the heading set forth in the Counterclaims solely for purposes of organization. To the extent any heading may be read as an allegation, and to the extent a further response is required, Harco denies such allegation.

refers the Court to the policies for their complete terms, conditions, definitions, exclusions, and limitations. Harco denies any remaining allegations.

2. To the extent Paragraph 2 of the Counterclaims purports to summarize the contents of a written notice to Harco, it is a document that speaks for itself as to its content and therefore no response is required. Harco admits that it received a written notice of the Lively lawsuit from the insured(s) and otherwise denies any inconsistent characterization.

3. Paragraph 3 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco admits that it determined that coverage was not available for the lawsuit by Blake Lively. Harco denies the remaining allegations.

**PARTIES**

4. Upon information and belief, Harco admits the allegations in paragraph 4 of the Counterclaims.

5. Upon information and belief, Harco admits the allegations in paragraph 5 of the Counterclaims.

6. Upon information and belief, Harco admits the allegations in paragraph 6, of the Counterclaims.

7. Upon information and belief, Harco admits the allegations in paragraph 7 of the Counterclaims.

8. Upon information and belief, Harco admits the allegations in paragraph 8 of the Counterclaims.

9. Harco admits the allegations in paragraph 9 of the Counterclaims.

10. Harco admits the allegations of paragraph 10 of the Counterclaims insofar as it

states that Harco is a member of the IAT Insurance Group. The remaining allegations of paragraph 10 purport to quote statements from IAT's website at an unspecified point in time, which website speaks for itself and therefore no response is required. To the extent a further response is required, Harco refers to the website for its complete content and denies any remaining allegations.

## JURISDICTION AND VENUE

11. Harco admits the allegations stated in paragraph 11 of the Counterclaims.

12. Harco admits the allegations stated in paragraph 12 of the Counterclaims.

## FACTUAL BACKGROUND

### A. The Lively Lawsuit

13. Upon information and belief, Harco admits that the Lively lawsuit was filed against Defendants and others on or about December 31, 2024. Harco also admits that Exhibit 1 to the Counterclaims appears to be a copy of the Complaint, without exhibits, Harco's answer to the allegations in this paragraph does not constitute admissions or responses to allegations made in the referenced Lively Complaint.

14. Upon information and belief, Harco admits that the Lively filed an Amended Complaint on or about February 18, 2025. Harco also admits that Exhibit 2 to the Counterclaims appears to be a copy of the Amended Complaint, without exhibits, Harco's answer to the allegations in this paragraph does not constitute admissions or responses to allegations made in the referenced Amended Complaint.

15. Paragraph 15 of the Counterclaims purports to summarize select portions of the referenced Amended Complaint, which is a legal document that speaks for itself and therefore no response is required. To the extent a further response is required, Harco respectfully refers the court to the Amended Complaint for its complete allegations and denies any characterization of

the Amended Complaint that differs or varies from the written document itself. Harco further denies any remaining allegations.

16. Upon information and belief, Harco admits that the Lively filed a Second Amended Complaint on or about July 30, 2025. Harco also admits that Exhibit 3 to the Counterclaims appears to be a copy of the Second Amended Complaint, without exhibits, Harco's answer to the allegations in this paragraph does not constitute admissions or responses to allegations made in the referenced Amended Complaint. Harco denies any remaining allegations.

17. Harco admits the allegations of paragraph 17 of the Counterclaims except, to the extent that paragraph 17 purports to summarize aspects of the Court's ruling, Harco respectfully refers the court to the full Order and denies any allegations inconsistent therewith.

18. Harco admits that the Order includes the statements quoted in paragraph 18 of the Counterclaims and respectfully refers the Court to its full Order for its complete and accurate contents.

19. Upon information and belief, Harco admits the allegations of paragraph 19 of the Counterclaims.

**B. <u>The Harco Policies</u>**

20. Harco admits the allegations of paragraph 20 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

21. Paragraph 21 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the

Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any remaining allegations.

22. Paragraph 22 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

23. Paragraph 23 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

24. Paragraph 24 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

25. Paragraph 25 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language

and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any remaining allegations.

26. Paragraph 26 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

27. Paragraph 27 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

28. Paragraph 28 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

29. Paragraph 29 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is

required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

30. Paragraph 30 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

31. Paragraph 31 of the Counterclaims purports to quote a select portion of the Policies, which are legal documents that speak for themselves, and therefore no response is required. To the extent a further response is required, Harco admits that the Policy includes the quoted language and states that the Policy must be read as a whole, and respectfully refers the Court to the Policy for its complete terms, conditions, exclusions, and limitations. Harco denies any inconsistent or remaining allegations.

32. Upon information and belief, Harco admits the allegations in paragraph 32 of the Counterclaims.

33. Upon information and belief, Harco admits the allegations in paragraph 33 of the Counterclaims.

34. Upon information and belief, Harco admits the allegations in paragraph 34 of the Counterclaims.

35. Upon information and belief, Harco admits the allegations in paragraph 35 of the

Counterclaims.

36. Upon information and belief, Harco admits the allegations in paragraph 36 of the Counterclaims.

37. Harco admits the allegations of paragraph 30 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

38. Harco admits the allegations of paragraph 38 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

39. Harco admits the allegations of paragraph 39 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

40. Harco admits the allegations of paragraph 40 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

41. Harco admits the allegations of paragraph 41 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

42. Harco admits the allegations of paragraph 42 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

43. Harco admits the allegations of paragraph 43 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent

characterization is denied.

44. Harco denies the allegations of paragraph 44 of the Counterclaims. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

45. Paragraph 45 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, the allegations of paragraph 45 are denied.

**C. <u>Harco's Alleged Breaches and Bad-Faith Conduct</u>**

46. Harco denies the allegations of paragraph 46 of the Counterclaims except Harco admits that it received a written notice of the Lively Lawsuit on or about April 25, 2025. Harco further states that any written notice provided to Harco is a written document which speaks for itself and any inconsistent characterization is denied.

47. Harco is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Counterclaims and, on that basis, denies the allegations.

48. Paragraph 48 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco admits that it did not contact the Defendants to discuss the Lively lawsuit until after the Defendants submitted written notice and tendered the defense of the lawsuit to Harco. Harco denies all remaining allegations.

49. Paragraph 49 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco admits that it sent a letter dated June 20, 2025, and refers the Court to that letter for its complete and accurate

contents. Harco denies any remaining allegations.

50. Paragraph 50 of the Counterclaims purports to summarize the contents and import of a written document which speaks for itself and therefore no response is required. To the extent a further response is required, Harco admits that it sent a letter dated June 26, 2025 and refers the Court to that letter for its complete and accurate contents. Harco denies any remaining allegations.

51. Paragraph 51 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco admits that it commenced this action on July 21, 2025 and refers to the complaint filed, which is a written document that speaks for itself. Harco denies any inconsistent or remaining allegations of paragraph 51.

52. Paragraph 52 of the Counterclaims purports to summarize the contents and import of a written document which speaks for itself and therefore no response is required. To the extent a further response is required, Harco admits that Defendants' counsel sent a letter dated June 26, 2025 and refers the Court to that letter for its complete and accurate contents. Harco denies any characterization of the letter that differs or varies from the written document itself and Harco denies any remaining allegations.

53. Paragraph 53 of the Counterclaims purports to summarize the contents and import of a written document which speaks for itself and therefore no response is required. To the extent a further response is required, Harco admits that it sent a letter dated April 15, 2026, and refers the Court to that letter for its complete and accurate contents. Harco denies any characterization of the letter that differs or varies from the written document itself and Harco denies any remaining allegations.

54. Paragraph 54 of the Counterclaims purports to summarize the contents and import

of a written document which speaks for itself and therefore no response is required. To the extent a further response is required, Harco admits that Defendants' counsel sent a letter dated August 17, 2026, and refers the Court to that letter for its complete and accurate contents. Harco denies any characterization of the letter that differs or varies from the written document itself and Harco denies any remaining allegations.

55. Harco denies the allegations of Paragraph 55.

56. Harco denies the allegations of Paragraph 56.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

57. Harco incorporates by reference its responses to each paragraph 1 through 56 of the Counterclaims above as if fully set forth herein.

58. Paragraph 58 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco admits that the insured(s) paid premium for the Policies. Harco further states that the Policies are written documents which speak for themselves and any inconsistent characterization is denied.

*59.* Paragraph 59 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco admits that the Policies are valid and enforceable subject to their specific terms, conditions, limitations and exclusions and subject to such other defenses as exist at law and in equity. The Policies are written documents which speak for themselves and any inconsistent characterization is denied.

60. Paragraph 60 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco denies the allegations.

61. Harco denies the allegations of Paragraph 61.

62. Harco denies the allegations of Paragraph 62.

**SECOND CAUSE OF ACTION – BAD FAITH**

63. Harco incorporates by reference its responses to each paragraph 1 through 62 of the Counterclaims above as if fully set forth herein.

64. Paragraph 64 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco denies any remaining allegations.

65. Paragraph 65 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco denies any remaining allegations.

66. Harco denies the allegations of Paragraph 66.

67. Harco denies the allegations of Paragraph 67.

68. Paragraph 68 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco denies the allegations.

69. Harco denies the allegations of Paragraph 69.

70. Harco denies the allegations of Paragraph 70.

71. Paragraph 71 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco denies the allegations.

72. Harco denies the allegations of Paragraph 72.

73. Harco denies the allegations of Paragraph 73.

**THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT**

74. Harco incorporates by reference its responses to each paragraph 1 through 73 of the Counterclaims above as if fully set forth herein.

75. Paragraph 75 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco denies the allegations.

76. Harco admits the allegations of paragraph 76 of the Counterclaims.

77. Paragraph 77 of the Counterclaims presents contentions and conclusions of law to which no response is required. To the extent a further response is required, Harco denies the allegations.

78. Paragraph 78 of the Counterclaims sets forth the relief south by the Counterclaims to which no response is required. To the extent a further response is required, Harco denies the Defendants are entitled to such the relief requested.

79. Harco admits the allegations of Paragraph 79 of the Counterclaims.

**PRAYER FOR RELIEF**

Harco denies any factual and/or legal assertions contained in the prayer for relief of the Counterclaims and deny that Defendants are entitled to any relief in this lawsuit.

**AFFIRMATIVE AND OTHER DEFENSES**

Harco set forth the following defenses in response to the matters asserted in the Counterclaims. Each defense is asserted as to all allegations and claims in the Counterclaims. By setting forth these defenses, Harco does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Defendants under applicable law. Nothing stated herein is intended or shall be construed as an admission that any particular

issue or subject matter is relevant to Defendants' Counterclaim allegations. All rights are reserved to add additional affirmative defense(s), withdraw or support any affirmative defense as developments may dictate.

**FIRST DEFENSE**

The Counterclaims fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Counterclaims are barred by applicable laches, unclean hands, waiver, estoppel, public policy or other equitable defenses apply.

**THIRD DEFENSE**

Coverage for the Lively lawsuit is barred because the Defendants negligently or intentionally failed to disclose, concealed, or misrepresented to Harco facts that they knew, or should have known upon a reasonable investigation, and which were material to the risks at the time of the negotiation, underwriting, and/or issuance of the Harco Policies and the Policies expressly provide that, in the event of such material misrepresentations or omissions, then no coverage shall be provided under the Policies with respect to any Claim based upon, attributable to, or arising out of the facts that were not truthfully and accurately disclosed as a result of such misrepresentation or omission.

**FOURTH DEFENSE**

Coverage for the Lively lawsuit is barred because the Lively lawsuit involves claims, circumstances, incidents, potential claims or situations known by Wayfarer Defendants prior to the inception of the Harco Policies and which were not reported as required by the Warranty Letter and Applications for the Policies submitted to Harco.

**FIFTH DEFENSE**

Coverage for the Lively lawsuit is barred because the insured(s) failed to perform all of their obligations under the terms and conditions of the Harco Policies and applicable law including the requirements that the insured provide Harco with written notice of any Claim within the time frame set forth in the Policy, to provide notice of any developments that are likely to affect coverage and to cooperate with Harco.

**SIXTH DEFENSE**

Coverage for the Lively lawsuit is barred because the Lively lawsuit is not a claim that was first made and reported to Harco pursuant to the terms of the Harco Policies.

**SEVENTH DEFENSE**

No coverage is afforded under the Harco Policies for amounts that do not constitute covered Defense Costs, as that term is defined by the Harco Policies.

**EIGHTH DEFENSE**

No coverage is afforded under the Harco Policies for defense costs incurred before the insured(s) provided notice to Harco of the Lively lawsuit and sought coverage and/or the insured(s) voluntarily made a payment, assumed any obligation, or incurred any expense without Harco's prior approval or consent.

**NINTH DEFENSE**

No coverage is afforded under the Harco Policies for any portion of defense costs that are allocated to any person or entity that does not qualify as an Insured under the Harco Policies.

**TENTH DEFENSE**

No Coverage is afforded under the Harco Policies to the extent that it sees coverage for defense costs owed pursuant to contract or any other agreement by which the insured(s) assumed

the defense of any party that does not qualify as an insured.

**ELEVENTH DEFENSE**

Coverage under the Harco Policies, if any, only applies in excess of any other valid and collectible insurance and/or to the extent that any other insurance applies and reduces, offsets, or eliminates any obligation under the Harco Policies, including by way of setoff, credit, or allocation.

**TWELFTH DEFENSE**

If and to the extent any other person or entity is held responsible for the sums Defendants are seeking from Harco by their Counterclaims, the doctrines of allocation, equitable indemnity, equitable contribution and/or subrogation require that any recovery against Harco must be reduced as warranted.

**THIRTEENTH DEFENSE**

No coverage is afforded under the Harco Policies pursuant to applicable law and public policy, including California Insurance Code § 533, precluding coverage for loss caused by the willful acts of insureds.

**FOURTEENTH DEFENSE**

Defendants' Counterclaims fail because Harco did not breach/complied with its express and implied duties under the Policies and applicable law and because Harco acted reasonably and in good faith in evaluating the information provided by Defendants and/or available through Harco's reasonable investigation of coverage for Lively lawsuit.

**FIFTEENTH DEFENSE**

Defendants' Counterclaims fail because Harco at all times exercised due care concerning the actions, conduct and other matters alleged in the Counterclaims.

**SIXTEENTH DEFENSE**

Coverage under the Harco Policies is barred to the extent that the Defendants failed to mitigate their alleged damages, and because any damages they sustained were caused or contributed to by their own acts and omissions.

**SEVENTEENTH DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, to the extent they seek to recover any defense costs paid on Defendants' behalf by any other person or entity in connection with the defense of the Lively lawsuit or which were waived or with respect to which Defendants were released.

**EIGHTEENTH DEFENSE**

If and to the extent Harco has any liability to Defendants under the Harco Policies, any such liability is subject to all applicable retentions or deductibles and the limitations of liability thereunder.

**NINETEENTH DEFENSE**

The Counterclaims are barred by the terms, conditions, limitations, exclusions and endorsements of the Harco Policy and all applicable law.

**RESERVATION OF ADDITIONAL DEFENSES**

Harco presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative or other defenses available. Harco reserves the right to assert additional defenses in the event that developments, including in discovery, indicate they would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Harco respectfully requests that the Court enter judgment:

(a) dismissing the Counterclaims in their entirety, with prejudice;

(b) award Harco its reasonable costs and expenses in this action; and

(c) grant Harco such other, further, and different relief as the Court deems just and proper.

Dated: New York, New York
September 23, 2026

SKARZYNSKI MARICK & BLACK LLP

By: */s/ Evan Shapiro*

Evan Shapiro
James T. Sandnes
MingHong Ji
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Telephone: (212) 820-7700
eshapiro@skarzynski.com
jsandnes@skarzynski.com
mji@skarzynski.com

*Attorneys for Plaintiff Harco National Insurance Company*

4910-3619-9888,